ORIGINAL

FILED
MAR 16 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

Name: Andre' James Clark SR
X-Ref: 67729
SACRAMENTO COUNTY MAIN JAIL
651 "I" street
Sacramento, CA 95814

IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF CALIFORNIA

Andre James Clark Sr.,
   Plaintiff,

vs.

Cleveland, et al.,
   Defendant.

Case No.: 2:21-cv-01975-TLN-DMC

Amended Complaint

Hearing Requested
Time: _____
Date: _____
Court: _____

Prisoners retain their First Amendment rights including the right to free exercise of religion; When on 8-12-21 I obtained a NKJV Bible from Sutter hospital and another on 8-21-21 and another 10-5-21 all paperback yet in clevelands fabricated incident report of 8-19-21, He violated my person by sweeping my feet from under me while I was cuffed and shackled. This occured when I mentioned reporting His violent actions against me to Jeremy Dick, He further went onto twisting and bending my

Page 1 of 2

ORIGINAL

1. fingers on both hand cuffed
2. behind me in Sutter hospital (hall
3. ways. I suffered a hairline fracture
4. in my (l) foot along with damage
5. Done to both hands along with five
6. days loss of dayroom program as a
7. counter to my writing up
8. Deputy Cleveland all Date 8-19-21
9. In overt acts to claim allegation
10. that a Paperback Bible was
11. to this opinion Considered to be
12. For that day to be contraband.
13. And regardless of His violent assault
14. against me, Sgt Jamil Sgt Haynes
15. and Lt Baker felt I was Found
16. Guilty of Insubordination/Disobedience
17. Report # 1025901803 Date 8-19-21
18. Requested and recieved Paperback
19. Bibles while being treated on
20. 8-12-21 and 8-18-21 again 10-5-21
21. disclaiming them to be contraband
22. which I posses at this moment

Page 2 of 2

CODIFICATION

R.S. § 1979 derived from act Apr. 20, 1871, ch. 22, § 1, 17 Stat. 13.

Section was formerly classified to section 43 of Title 8, Aliens and Nationality.

AMENDMENTS

1996—Pub. L. 104–317 inserted before period at end of first sentence ", except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable".

1979—Pub. L. 96–170 inserted "or the District of Columbia" after "Territory", and provisions relating to Acts of Congress applicable solely to the District of Columbia.

EFFECTIVE DATE OF 1979 AMENDMENT

Amendment by Pub. L. 96–170 applicable with respect to any deprivation of rights, privileges, or immunities secured by the Constitution and laws occurring after Dec. 29, 1979, see section 3 of Pub. L. 96–170, set out as a note under section 1343 of Title 28, Judiciary and Judicial Procedure.

§ 1984. Omitted

CODIFICATION

Section, act Mar. 1, 1875, ch. 114, § 5, 18 Stat. 337, which was formerly classified to section 46 of Title 8, Aliens and Nationality, related to Supreme Court review of cases arising under act Mar. 1, 1875. Sections 1 and 2 of act Mar. 1, 1875 were declared unconstitutional in *U.S. v. Singleton*, 109 U.S. 3, and sections 3 and 4 of such act were repealed by act June 25, 1948, ch. 645, § 21, 62 Stat. 862.

§ 1985. Conspiracy to interfere with civil rights

(1) Preventing officer from performing duties

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

(R.S. § 1980.)

CODIFICATION

R.S. § 1980 derived from acts July 31, 1861, ch. 33, 12 Stat. 284; Apr. 20, 1871, ch. 22, § 2, 17 Stat. 13.

Section was formerly classified to section 47 of Title 8, Aliens and Nationality.

§ 1986. Action for neglect to prevent

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not



the purposes of this order as the order applies to programs administered by it; and is directed to cooperate with the Committee, to furnish it, in accordance with law, such information and assistance as it may request in the performance of its functions, and to report to it at such intervals as the Committee may require.

SEC. 203. Each such department and agency shall, within thirty days from the date of this order, issue such rules and regulations, adopt such procedures and policies, and make such exemptions and exceptions as may be consistent with law and necessary or appropriate to effectuate the purposes of this order. Each such department and agency shall consult with the Committee in order to achieve such consistency and uniformity as may be feasible.

### PART III—ENFORCEMENT

SEC. 301. The Committee, any subcommittee thereof, and any officer or employee designated by any executive department or agency subject to this order may hold such hearings, public or private, as the Committee, department, or agency may deem advisable for compliance, enforcement, or educational purposes.

SEC. 302. If any executive department or agency subject to this order concludes that any person or firm (including but not limited to any individual, partnership, association, trust, or corporation) or any State or local public agency has violated any rule, regulation, or procedure issued or adopted pursuant to this order, or any nondiscrimination provision included in any agreement or contract pursuant to any such rule, regulation, or procedure, it shall endeavor to end and remedy such violation by informal means, including conference, conciliation, and persuasion unless similar efforts made by another Federal department or agency have been unsuccessful. In conformity with rules, regulations, procedures, or policies issued or adopted by it pursuant to Section 203 hereof, a department or agency may take such action as may be appropriate under its governing laws, including, but not limited to, the following:

It may—

(a) cancel or terminate in whole or in part any agreement or contract with such person, firm, or State or local public agency providing for a loan, grant, contribution, or other Federal aid, or for the payment of a commission or fee;

(b) refrain from extending any further aid under any program administered by it and affected by this order until it is satisfied that the affected person, firm, or State or local public agency will comply with the rules, regulations, and procedures issued or adopted pursuant to this order, and any nondiscrimination provisions included in any agreement or contract;

(c) refuse to approve a lending institution or any other lender as a beneficiary under any program administered by it which is affected by this order or revoke such approval if previously given.

SEC. 303. In appropriate cases executive departments and agencies shall refer to the Attorney General violations of any rules, regulations, or procedures issued or adopted pursuant to this order, or violations of any nondiscrimination provisions included in any agreement or contract, for such civil or criminal action as he may deem appropriate. The Attorney General is authorized to furnish legal advice concerning this order to the Committee and to any department or agency requesting such advice.

SEC. 304. Any executive department or agency affected by this order may also invoke the sanctions provided in Section 302 where any person or firm, including a lender, has violated the rules, regulations, or procedures issued or adopted pursuant to this order, or the nondiscrimination provisions included in any agreement or contract, with respect to any program affected by this order administered by any other executive department or agency.

### PART IV—ESTABLISHMENT OF THE PRESIDENT'S COMMITTEE ON EQUAL OPPORTUNITY IN HOUSING

[Revoked. Ex. Ord. No. 12259, Dec. 31, 1980, 46 F.R. 1253; Ex. Ord. No. 12892, §6-604, Jan. 17, 1994, 59 F.R. 2939.]

### PART V—POWERS AND DUTIES OF THE PRESIDENT'S COMMITTEE ON EQUAL OPPORTUNITY IN HOUSING

SEC. 501. [Revoked. Ex. Ord. No. 12259, Dec. 31, 1980, 46 F.R. 1253; Ex. Ord. No. 12892, §6-604, Jan. 17, 1994, 59 F.R. 2939.]

SEC. 502. (a) The Committee shall take such steps as it deems necessary and appropriate to promote the coordination of the activities of departments and agencies under this order. In so doing, the Committee shall consider the overall objectives of Federal legislation relating to housing and the right of every individual to participate without discrimination because of race, color, religion (creed), sex, disability, familial status or national origin in the ultimate benefits of the Federal programs subject to this order.

(b) The Committee may confer with representatives of any department or agency, State or local public agency, civic, industry, or labor group, or any other group directly or indirectly affected by this order; examine the relevant rules, regulations, procedures, policies, and practices of any department or agency subject to this order and make such recommendations as may be necessary or desirable to achieve the purposes of this order.

(c) The Committee shall encourage educational programs by civic, educational, religious, industry, labor, and other nongovernmental groups to eliminate the basic causes of discrimination in housing and related facilities provided with Federal assistance.

SEC. 503. [Revoked. Ex. Ord. No. 12259, Dec. 31, 1980, 46 F.R. 1253; Ex. Ord. No. 12892, §6-604, Jan. 17, 1994, 59 F.R. 2939.]

### PART VI—MISCELLANEOUS

SEC. 601. As used in this order, the term "departments and agencies" includes any wholly-owned or mixed-ownership Government corporation, and the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and the territories of the United States.

SEC. 602. This order shall become effective immediately.

[Functions of President's Committee on Equal Opportunity in Housing under Ex. Ord. No. 11063 delegated to Secretary of Housing and Urban Development by Ex. Ord. No. 12892, §6-604(a), Jan. 17, 1994, 59 F.R. 2939, set out as a note under section 3608 of this title.]

### § 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(R.S. §1979; Pub. L. 96-170, §1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104-317, title III, §309(c), Oct. 19, 1996, 110 Stat. 3853.)

```
DATE 01/17/2022        SACRAMENTO COUNTY SHERIFF'S DEPARTMENT                JIPRAC
TIME 07:02:42              INMATE INCIDENT REPORT              PAGE   1 OF 3

XREF- 0067729  NAME- CLARK          ANDRE       JAMES           DOB 02/13/1961
HOUSING LOCATION- NMJ 3W  2   04A  OPMD      PROJECTED RELEASE DATE-

  REPORT:   NUMBER- 1025901803  TYPE- MAJ  CAT- 2  STATUS- CLEAR   FACILITY- NMJ
            DATE- 08/19/2021 TIME- 1357  OFFICER- 975   CLEVELAND
            REVIEWER- SGT. JAMIL #66       WAIVED-    DELIVERED- 08/19/2021  1533
            LAST MODIFIED- 09/23/2021 0732  BY- 2533206

INCIDENT: DATE- 08/19/2021  TIME- 1215  LOCATION- SUTTER MEDICAL ROOM 4303

VIOLATIONS: RULE NO.       DESCRIPTION             CAT  PLEA  DISPO    DATE

            COR.2.30       INSUBORDINATION/DISOBEDIE  2   NG    GU    08/21/2021


HEARING:  DATE- 08/21/2021 TIME- 2300  OFFICER- SGT. HAYNES #48
          RESULT- 5 DAYS FULL RESTRICTION
          ROLLUP-    GOOD DAYS: AVAIL- ____  LOST-    0
          G/W TIME TAKEN FROM CASE _____  CHG ____


DISCIPLINE: TYPE    FROM: DATE    TIME        TO:  DATE     TIME

            FULL        08/22/2021 0600            08/27/2021 0600
```

NO HEARING WILL BE HELD SOONER THAN 24 HOURS UNLESS YOU WAIVE THIS TIME AND
REQUEST AN IMMEDIATE HEARING.  WAIVED: YES ___  NO ___

************************************************************************
* INMATE              * HEARING OFFICER       * FACILITY COMMANDER       *
*                     *                       *                          *
*                     *                       *                          *
*                     *                       *                          *
*                     *                       *                          *
************************************************************************


APPEALS REGARDING THE HEARING OFFICER'S DECISION MUST BE MADE WITHIN FIVE (5)
DAYS AND MUST BE IN WRITTEN FORM TO THE DIVISION COMMANDER, WHO WILL MAKE A
FINAL DISPOSITION WITHIN TEN (10) DAYS

```
DATE 01/17/2022       SACRAMENTO COUNTY SHERIFF'S DEPARTMENT              JIPRAC
TIME 07:02:42              INMATE INCIDENT REPORT                    PAGE   2 OF 3
```

INCIDENT REPORT NUMBER- 1025901803   NARRATIVE TEXT

1215 HOURS,8/19/21(THURSDAY):DEPUTY TILLERY #205 AND I, DEPUTY CLEVELAND #975, WERE ASSIGNED TO THE MAIN JAIL AS MEDICAL ESCORT DEPUTIES AT SUTTER MEDICAL HOSPITAL. WE WERE ASSIGNED TO SUPERVISE INMATE ANDRE CLARK (X-67729).

1215 HOURS:INMATE CLARK WAS DISCHARGED FROM THE HOSPITAL. HE DRESSED BACK INTO HIS JAIL ISSUED CLOTHING. I INSTRUCTED HIM TO REMOVE THE ANTI-SLIP SOCKS THE HOSPITAL HAD GIVEN HIM. HE OBJECTED AND SAID HE DID NOT HAVE ANY OTHER SOCKS. I TOLD HIM HE CANNOT HAVE THOSE SOCKS BECAUSE THEY WERE CONTRABAND. OUTSIDE CLOTHING IS NOT ALLOWED IN THE JAIL. I TOLD HIM I WOULD GET HIM SOME SOCKS WHEN WE RETURNED TO THE JAIL. CLARK PUT ON HIS SHOES AND PUT A BIBLE THAT WAS GIVEN TO HIM BY HOSPITAL STAFF IN A PLASTIC BAG TO TAKE WITH HIM. ITEMS FROM OUTSIDE SOURCES ARE CONTRABAND AND ARE NOT ALLOWED IN JAIL. I TOLD CLARK THIS AND HE BECAME ANGRY. HE SAID HE HAD THE RIGHT TO KEEP IT BECAUSE OF HIS FREEDOM OF RELIGION. I REITERATED TO HIM THAT OUTSIDE ITEMS ARE NOT ALLOWED IN JAIL. I SUGGESTED HE WRITE THE JAIL CHAPLIN FOR A BIBLE. HE WAS DISSATISFIED WITH THIS ANSWER AND SAID THE CHAPLIN WAS NOT ANSWERING HIS KITES. I REMOVED THE BIBLE FROM HIS POSSESION AND PUT IT ON THE HOSPITAL BED. HE WAS PLACED IN LEG SHACKLES AND HAND CUFFS FOR TRANSPORT. HE WAS ARGUING WITH ME ABOUT KEEPING THE BIBLE WHILE HE WAS BEING CUFFED. AS HE WAS BEING LED FROM THE ROOM, CLARK TENSED UP HIS ARMS AND REFUSED TO WALK. HE KEPT DEMANDING TO KEEP THE BIBLE. I TOLD HIM TO KEEP WALKING AND HE TRIED TO TWIST OUT OF MY GRASP. I HELD ON TO HIS LEFT ARM, TWISTED MY BODY TO THE LEFT, AND DROPPED TO MY KNEES, BRINGING CLARK TO REST ON HIS STOMACH. HE BEGAN TO YELL AND THREATEN HE WAS GOING TO SUE ME. AFTER A FEW MINUTES DEPUTY TILLERY AND I LIFTED CLARK OFF THE GROUND AND RETURNED TO ESCORTING CLARK TO THE TRANSPORT VAN. CLARK CONTINUED TO ARGUE AND TWIST AS WE WERE WALKING. I PLACED HIM A REAR TWIST LOCK WHILE TILLERY TOOK AN ESCORT GRIP OF IS RIGHT ARM. CLARK WAS LOUD AND ARGUMENTATIVE ALL THE WAY TO THE VAN. TILLERY WAS RELIEVED BY DEPUTY KLENTZ #60. DEPUTY KLENTZ AND I DROVE CLARK BACK TO THE MAIN JAIL BY VAN AND WAS RELEASED TO MEDICAL DEPUTIES ON 2 MEDICAL.

INMATE CLARK DID NOT HAVE ANY VISIBLE INJURIES NOR DID HE COMPLAIN OF ANY PAIN. HE DID NOT REQUEST ANY MEDICAL ATTENTION.


****************************************HEARING************************************

2000 HOURS, 8/21/2021 (SATURDAY): I, SGT. HAYNES #48, SPOKE TO INMATE CLARK IN REGARD TO THIS ADMINISTRATIVE HEARING.  CLARK TOLD ME HE RECEIVED A COPY OF HIS WRITE-UP.  I EXPLAINED THE HEARING AND APPEAL PROCESS.  CLARK INDICATED HE UNDERSTOOD.

COR.2.30 - INMATE PLEA: NOT GUILTY / FINDING: GUILTY

INCIDENT REPORT NUMBER- 1025901803   NARRATIVE TEXT

DISPOSITION: 5 DAYS FULL RESTRICTION

I ADVISED WATCH COMMANDER, LT. BAKER #94, OF MY FINDINGS.
FINDINGS: I SPOKE TO INMATE CLARK AT HIS CELL.  CLARK TOLD ME HE WAS NOT
GUILTY, HE HAS THE RIGHT TO HAVE A BIBLE, AND HE DID NOT RESIST.  I ATTEMPTED
TO TALK TO CLARK ABOUT HOW HE COULD HAVE HANDLED THE SITUATION WITH THE BIBLE,
BUT HE BECAME VERY ARGUMENTATIVE AND TOLD ME HE NO LONGER WANTED TO HEAR WHAT
I HAD TO SAY.  CLARK THEN HELD HIS HANDS OVER HIS EARS.  THIS IS CLARKS FIRST
VIOLATION THIS CUSTODY PERIOD.  I GAVE HIM FIVE DAYS FULL RESTRICTION.

2128 HOURS, 8/22/2021:  I, LT BAKER CONCUR WITH THE FINDINGS AND DISCIPLINE.

*******  END OF REPORT  *******

1  Andre' James Clark SR
2  K-12655
3  Sacramento County Jail
   651 I street
4  Saramento California 95814
5           In THE UNITED STATES
6        District COURT EASTERN
7        OF CALIFORNIA
8                       2:21-cv-01975 TLNDMC

15  PrisoNERS retain their first AMENDMENT
16  rights includin the right to Free exercise
17  of religion: Whereon 8-12-21 I obtained
18  a NKJV Bible From Sutter hospital and
19  another one on 10-5-21 all paper back
20  yet in cleveland eyes fabricated
21  incident report of 8-19-21, He violated
22  my persons by sweeping my feet from
23  under me while I was cuffed and
24  and shackled. This occured when I
25  mentioned reporting this violent
26  action against me to Jeremy Dick
27  cleveland went on twisting and
28  bending my fingers on both my hands

Page 1 of 2

1. cuffed behind me in Sutter Hospital
2. hallways suffering a hairline fracture
3. in my (L) foot, along with damage
4. done to both hands, along with
5. five days loss of dayroom program
6. as a counter to my writting up
7. Deputy Cleveland all Dated 8-19-21
8. In dvert acts to claim allegations
9. that a Paperback Bible was for that
10. day, to His openion considered to be
11. Contraband. And regardless of His
12. violent assult against me Sgt Jamil
13. Sgt Haynes and Lt Baker Felt I was
14. guilty of Insubordination/Disobedience
15. Report #10 25901803; Dated 8-19-21
16. Requested and recieved Paperback
17. Bibles while treated 8-12-21 &
18. 8-16-21 and 10-5-21 disclaiming them
19. to be contraband, which I posses
20. at this moment

Page ___ of ___

1  Your Name Andre' James Clark SR
2  Address R3C CBF 600 67729
   12500 Broceville Rd
3  City, State, Zip Code Elk Grove CA 95757
4  Telephone Number
5
6           IN THE UNITED STATES DISTRICT COURT
7              EASTERN DISTRICT OF CALIFORNIA
8  Your Name, Andre' James Clark SR
9        Plaintiff,
10 vs.                          No. 2:21cv-01975-TLN-DMC
11 Defendant(s),
12       Defendant(s).          PROOF OF SERVICE
13 Cleveland et Al,
14    I, the undersigned, hereby certify that I am over the age of eighteen years and
15 on 12th of March                , 20 22 , I served a copy of
16 Amended Complaint                                              ,
17 by placing a copy in a postage paid envelope addressed to the person hereinafter listed
18 by depositing said envelope in the United States Mail: 12500 Broceville Rd
19 Elk Grove, CA 95757
20 (List All Defendants and Addresses Served)
21
22 I declare under penalty of perjury that the foregoing is true and correct.
23
24                                     Andre James Clark Sr
25                                          (Signed)
26

**Attachment 6**